UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M-I LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-cv-03364 |
| | § | |
| ARGUS GREEN LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Pending before the Court are the following:  (1) the defendants, Argus Green, LLC ("Argus Green"), John J. Ostermaier ("Ostermaier") and Lewis J. Dutel ("Dutel") (collectively, the "defendants") motion to dismiss (Dkt. No. 95), the plaintiff's, MI, LLC (the "plaintiff"), response in opposition to the defendants' motion to dismiss (Dkt. No. 112), and the plaintiff's sur-reply in support of its opposition to the defendants' motion to dismiss (Dkt. No. 121); (2) the defendants' motion for summary judgment (Dkt. No. 102), the plaintiff's Rule 56(d) motion to dismiss or alternative response to defendants' motion for summary judgment (Dkt. No. 116), the defendants' response to the plaintiff's Rule 56(d) motion (Dkt. No. 123), the plaintiff's reply to the defendant's response (Dkt. No. 128), the defendants' sur-reply to the plaintiff's Rule 56(d) motion (Dkt. No. 132) and the plaintiff's response to the defendants' sur-reply (Dkt. No. 137); (3) the plaintiff's motion for partial summary judgment (Dkt. No. 114) and the defendants' response to the plaintiff's motion for partial summary judgment (Dkt. No. 124); and (4) the defendants' motion for sanctions and supplement to its motion to dismiss (Dkt. No. 181) and the plaintiff's response in opposition to the defendant's motion for sanctions and supplement to its

motion to dismiss (Dkt. No. 185). The Court, after having received oral arguments of the attorneys on the aforementioned motions, and having heard the arguments of counsel, reviewed the motions, responses, replies and the applicable law, specifies its findings in the paragraphs presented below.

## II.     FACTUAL BACKGROUND

This suit involves the alleged misappropriation of trade secrets and violation of a non-compete agreement by the plaintiff's former employees. The plaintiff, a Delaware limited liability company with its principal place of business located in Houston, Texas, produces specialty equipment designed to optimize productivity in oil and gas drilling and production operations, including gas meters used in reservoir characterization. The defendants, Ostermaier, an individual residing in Pearland, Texas, and Dutel, an individual residing in Cypress, Texas, are the plaintiff's former employees. Ostermaier was initially employed by the plaintiff as an account representative and was later promoted to Global Sales Manager and then to Director of Capital Sales. Dutel initially worked as a Regional Technical Service Manager in the New Technology Implementation Department, was later promoted to Executive Sales Team Leader and eventually to Global Sales Manager. During his tenure with the plaintiff, Dutel reported to Ostermaier.

As part of his employment with the plaintiff, Ostermaier signed a trade secret agreement, a covenant not to compete agreement, and promised to safeguard the plaintiff's confidential information. Pursuant to these and other agreements, Ostermaier agreed to maintain confidential all of the plaintiff's trade secrets and proprietary information both during employment and afterwards, and also agreed not to compete against the plaintiff for a period of two years after his termination. In addition, Ostermaier signed an employee invention and confidential agreement

agreeing to promptly disclose to the plaintiff all inventions, developments or innovations, whether patentable or not, made or conceived by him, either solely or jointly with others. On May 18, 2009, Ostermaier resigned from the plaintiff's employ. Dutel also resigned on May 18, 2009.

During the twelve months prior to Ostermaier's departure, the plaintiff had approximately $6 billion in revenue. Flare gas meters, which measure properties of flare gas emitted from wellsites, have accounted for less than ten percent of the plaintiff's capital sales, and the plaintiff's capital sales have been only about one percent of its total revenue. Its flare gas meters use ultrasonic technology.

The defendant, Argus Green, a Texas limited liability company with its principal place of business in Houston, Texas, was formed while Ostermaier and Dutel were still employed by the plaintiff. After leaving the plaintiff's employ, Ostermaier and Dutel joined Argus Green, which sells a flare gas meters known as the "Canary." Ostermaier is an investor and part owner of Argus Green and sells the Canary flare gas meters. Argus Green has sold four of its Canary flare gas meters. The defendants' attorney represents that each Canary sold for $60,000; however, the Canary flare gas meters may also be rented.

Argus Green's flare gas meters use optical technology. Although the optical technology of Argus Green's flare gas meters is different from the ultrasonic technology of the plaintiff's flare gas meters, the different gas meters are used to obtain similar types of measurements. Argus Green is thus a competitor of the plaintiff in the flare gas meter market; a small yet, new-found market.

On January 21, 2010, the plaintiff filed suit in the Eastern District of Texas against Argus Green, Ostermaier and Dutel alleging claims for breach of contract, fraud, computer fraud and

abuse, trade secret misappropriation, tortious interference with business relations and prospective relations and conversion.  (*See* Dkt Nos. 1 & 22).  It contends that this Court has subject matter jurisdiction over the computer fraud claims pursuant to the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), and that the Court has supplemental jurisdiction over its state law claims.  Specifically, the plaintiff alleges that, prior to leaving its employ, Ostermaier and Dutel intentionally "zero wiped" the hard drives on their work computers.  It contends that the zero wiping of the hard drives destroyed data and caused the computers to be unusable until an operating system and software were reinstalled.  After leaving its employ, Ostermaier and Dutel joined Argus Green in its flare gas meter business.  According to the plaintiff, Ostermaier and Dutel diverted its potential business opportunities to Argus Green.  It also alleges that Ostermaier's activities with Argus Green violate the trade secret agreement and covenant not to compete he signed while working as an employee.

On February 16, 2010, the defendants filed a motion to dismiss for lack of jurisdiction or an alternative motion to transfer venue.  On August 26, 2010, the Honorable David Folsom, United States District Judge for the Eastern District of Texas, denied the defendants' motion to dismiss but granted their motion to transfer venue to the Southern District of Texas.  (*See* Dkt. No. 76).  Subsequently, September 20, 2010, this case was transferred to this Court.

### III.    ANALYSIS AND DISCUSSION

#### A.    The Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Once again the defendants move to dismiss this case for lack of subject matter jurisdiction, arguing that the plaintiff's only basis for federal jurisdiction in this case hinges on the plaintiff's claim arising under the Computer Fraud and Abuse Act ("CFAA"), which has been insufficiently plead.  (*See* Dkt.No. 95)  Specifically, they contend that the CFAA requires

the plaintiff to demonstrate, as a prerequisite to jurisdiction, that a loss of at least $5,000 was suffered because of the actions of each defendant and the plaintiff has failed to plead the requisite loss for each of them. Rather, they argue that the plaintiff merely pleads a cumulative $5,000 loss for both Ostermaier and Dutel and not a $5,000 loss respecting their independent conduct. The Court notes that this motion appears substantially similar to the defendants' previous motion to dismiss filed in the Eastern District which was ultimately denied by Judge Folsom. (*See* Dkt. No. 76). The defendants argue, nevertheless, that the Court should reconsider their challenges to jurisdiction because the Eastern District did not consider the authority cited by either party.

The plaintiff, in opposition, argues that this Court has subject matter jurisdiction. First, it contends that it has sufficiently pled a loss under the CFAA. Second, it asserts that the Eastern District has twice ruled in its favor on this issue and, thus, denied the defendants' jurisdictional challenge. To this end, it maintains that the Eastern District's ruling should not be disturbed pursuant to the law of the case doctrine and because the defendants have not fulfilled the requirements for reconsideration. (*See* Dkt. Nos. 64 & 76). Third, in response to the defendant's factual challenge, it argues that it has already provided ample evidence in its verified interrogatory responses to support its claim that it has suffered a loss under the CFAA of at least $10,000 due to the defendants' actions. It avers that the defendants' combined actions of installing the same "zero-wiping" software on their computers to achieve the same purpose can be construed as a "single act" under the CFAA requiring it to allege only a $5,000 loss. Accordingly, the plaintiff contends that the losses it incurred in reasonably responding to and investigating the defendants' unauthorized conduct are sufficient to establish jurisdiction, and this Court should deny the defendants' motion to dismiss.

This Court agrees and will not disturb the ruling made by the Eastern District in the absence of proof that it was "clearly erroneous, no longer sound or would work a manifest injustice." *See Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983) (noting that "when a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision"). Accordingly, the defendants' motion to dismiss is DENIED.

### B.     The Defendants' Motion for Summary Judgment

Additionally, the defendants move for summary judgment on many of the plaintiff's claims (Dkt. No. 102). As a threshold matter, the defendants contend that the plaintiff owns no trade secrets and thus, there can be no trade secret misappropriation. With regard to the plaintiff's claim of common law fraud, the defendants contend that they did not commit fraud by planning to start their own business while still employed by the plaintiff. Regarding the breach of contract-covenant not to compete-claim, the defendants contend that Ostermaier has not violated the covenant not to compete that restricts him from performing the same or similar functions as he performed for the plaintiff. They further contend that Ostermaier did not invent anything before or after his employment with the plaintiff and he has not violated the agreement to assign anything he invents. Finally, they contend the plaintiff has not alleged any specific act of interference and none has occurred.

The plaintiff, in response, has filed a Rule 56(d) motion to dismiss or alternative response to the defendants' motion for summary judgment, asserting that the defendants' motion is premature and should be dismissed without prejudice until discovery has been completed. (*See* Dkt. Nos. 115 & 116). Alternatively, the plaintiff argues that the defendants' motion for summary judgment should be denied because there is evidence in the record that indicates that

each material fact identified by the defendant is disputed. The Court agrees noting the distinction between trade secrets and patented inventions. Based on the record and arguments of counsel, the defendants' motion for summary judgment is DENIED.

### C. The Plaintiff's Motion for Partial Summary Judgment

The plaintiff has filed a motion for partial summary judgment requesting that the Court find as a matter of law that the covenant not to compete is enforceable under Texas law and that Ostermaier is liable for breach of the covenant not to compete. (*See* Dkt. No. 114).

The defendant, in contrast, argues that the plaintiff's motion for partial summary judgment should be denied for the following reasons: (1) the plain language of the covenant not to compete does not apply to Ostermaier's employment with Argus Green; (2) the plaintiff's expansive interpretation of the scope of activity is not reasonable; and (3) the covenant has unreasonable time limitations. While the Court does not embrace the defendants' position, it, nevertheless, is of the opinion that disputed fact issues are apparent. Thus, the plaintiff's motion for partial summary judgment is DENIED.

### D. The Defendants' Motion for Sanctions

Lastly, before the Court are the defendants' motion for sanctions for discovery abuse and supplement to their motion to dismiss for lack of jurisdiction (*See* Dkt. No. 181) and the plaintiff's response (Dkt. No. 185). Having carefully examined the motion, the Court finds it to be simply a repeat of a previously resolved motion to dismiss and a complaint about discovery received. Therefore, the Court determines that it lacks merit. Accordingly, it is DENIED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 26th day of August, 2011.

_____
Kenneth M. Hoyt, U.S. District Judge